UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARC HARRIS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEAN MEILING, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00339-MMD-CBC<br><br>ORDER |
| AND ALL RELATED CASES | |

**I.   SUMMARY**

Plaintiff Marc Harris seeks to represent a class of investors who lost money after investing in Metalast International, LLC ("Metalast") against the Chemeon Defendants,[1] and Defendants Janet Chubb, Tiffany Schwartz, Armstrong Teasdale, LLP, and Kaempfer Crowell, Ltd. (collectively, the "Attorney Defendants"), where Plaintiff basically alleges that Defendants conspired to improperly take Metalast through a state receivership proceeding resulting in the Meiling family taking control of Metalast at a discount. (ECF No. 10 ("FAC").) Before the Court are a number of motions, but this order primarily focuses on the Chemeon Defendants' motion for judgment on the pleadings, or alternatively for a stay of the proceedings (the "Motion").[2] (ECF No. 48.) Because the Court agrees with the

---

[1] For purposes of brevity, the Court refers to the following parties as the Chemeon Defendants: Chemeon Surface Technology LLC ("Chemeon"), DSM P GP LLC, DSM Partners, LP, Dean Meiling, Madylon Meiling, Meridian Advantage, James Proctor, and Suite B LLC.

[2] Defendant Kaempfer Crowell, LTD moved to join the Motion (ECF No. 61), as did Defendants Armstrong Teasdale LLP, Janet Chubb, and Tiffany Schwartz (ECF No. 65). As noted, the Court collectively refers to these Defendants as the Attorney Defendants. Plaintiff opposed the Attorney Defendants' motions to join the Motion. (ECF Nos. 76, 77.) But because the Attorney Defendants are similarly situated to the Chemeon Defendants

1 Chemeon Defendants this case is barred by the applicable statutes of limitations, and as further explained below, the Court will dismiss Plaintiff's case in its entirety and deny all other pending motions,[3] mostly as moot.

## II. BACKGROUND

This is the second attempted class action filed by a group of investor plaintiffs including Marc Harris primarily against the Meiling family and the entities they control regarding the Nevada state-court receivership proceeding through which the Meilings purchased Metalast. *See Jerry Alexander, et al. v. Dean Meiling, et al.*, Case No. 3:16-cv-00572-MMD-CBC (D. Nev. Filed October 3, 2016) ("*Alexander*").[4] Both this case and *Alexander* also have a state-court companion case in which at least a majority of the Chemeon Defendants seek to enjoin Plaintiff and other members of his desired class from bringing *Alexander* and this case. (ECF Nos. 48 at 9-13, 74 at 7-10.) Thus, the Metalast receivership proceeding has generated several legal proceedings.

This case was removed by the Chemeon Defendants from California state court (ECF No. 1), where it was originally filed, and then transferred by a stipulated order from

---

as to the statutes of limitation argument in Defendants' Motion, the Court permits the Attorney Defendants to join the Motion. In addition, the Court reviewed Plaintiff's response to the Motion (ECF No. 74), and the Chemeon Defendants' reply filed in support of their Motion (ECF No. 96). Moreover, to the extent the parties requested oral argument on the pending motions, those requests are denied because the Court finds oral argument unnecessary. *See* LR 78-1.

[3]The other pending motions are Plaintiff's motion to remand (ECF No. 11); Plaintiff's motion to strike Defendant Chemeon Surface Technology, LLC's counterclaim (ECF No. 27); some of the Attorney Defendants' motion to dismiss (ECF No. 49); the Chemeon Defendants' motion for sanctions (ECF No. 50); the Chemeon Defendants' motion to strike (ECF No. 51); some of the Attorney Defendants' motion to stay the case (ECF No. 53); Plaintiff's motion to expedite or specially set this case for trial (ECF No. 56); Defendant Kaempfer Crowell's motion to dismiss (ECF No. 57); and the Chemeon Defendants' motion for leave to file a supplement to their motions to strike and for judgment on the pleadings (ECF No. 64).

[4]Magistrate Judge Carla B. Carry is also overseeing two related, essentially trademark cases basically between the Meilings and the family that ran Metalast before the receivership proceeding, the Semas family, and the various entities that these two families either control or do business with. *See Chemeon Surface Technology, LLC v. Metalast International, Inc., et al.*, Case No. 3:15-cv-00294-CBC (D. Nev. Filed Jun. 3, 2015); *David M. Semas, et al. v. Chemetall US, Inc.*, Case No. 3:19-cv-00125-CBC (D. Nev. Filed Feb. 27, 2019).

the Central District of California to this Court (ECF No. 33). Generally speaking, Plaintiff alleges that Defendants are involved in a fraudulent conspiracy where the Meilings feigned interest in making additional investments in Metalast, used their feigned interest to gain access to confidential information indicating to them that Metalast was about to become profitable, but then nonetheless appointed people they were connected to in forcing Metalast through a receivership proceeding—resulting in the Meiling family gaining control of Metalast's assets at a good price, forcing out the Semas family, who had run Metalast up to that point, and giving Plaintiff and other investors, some of them elderly, no shot at recouping the approximately $90 million they had collectively invested in Metalast. (ECF No. 10 at 9-13.) Plaintiff refers to this as the "Fraudulent Scheme." (*Id.* at 9.)

Based on the Fraudulent Scheme, Plaintiff brings claims for: (1) financial elder abuse in violation of California Welfare and Institutions Code § 15610.30; (2) breach of fiduciary duty; (3) constructive fraud: (4) intentional misrepresentation; (5) professional negligence; (6) constructive trust; (7) violation of California Business and Professions Code § 17200; (8) misappropriation; and (9) conversion. (*Id.* at 13-26.)

As relevant to the Chemeon Defendants' Motion, Plaintiff alleges that the Fraudulent Scheme occurred between April and December 2013. (*Id.* at 9-13, 15, 17, 19.) However, Plaintiff alleges that he did not discover—and could not have discovered—the Fraudulent Scheme until "a late 2016 deposition of Defendant James Proctor in a different lawsuit in Nevada, when a review of documents produced at the deposition revealed" documents establishing Plaintiff's basis for alleging the Fraudulent Scheme. (*Id.* at 11-12.)

### III. LEGAL STANDARD

"Dismissal under Rule 12(c) is warranted when, taking the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2654 (2018) (citation omitted). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit*

*River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation omitted).

Under Rule 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). That is insufficient. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original). When

the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

**IV.    DISCUSSION**

The Court will grant the Chemeon Defendants' Motion and deny most of the other pending motions as moot because once the Court takes judicial notice of a document filed in the underlying state court receivership proceeding, the Court finds Plaintiff's entire case is barred by the applicable statutes of limitations. However, the Court first addresses several motions and related issues not rendered moot by the Court's statute of limitations finding.

### A.    Plaintiff's Motion to Remand and the Chemeon Defendants' Related Motion for Sanctions

Plaintiff filed a motion to remand this case (ECF No. 11) before it was transferred to this Court (ECF No. 33).[5] The Chemeon Defendants later filed a motion for sanctions based on Plaintiff's motion to remand, arguing the motion to remand was not meritorious and should have been withdrawn when Plaintiff stipulated to transfer this case to this Court. (ECF No. 50.) The Chemeon Defendants seek their attorneys' fees and costs in opposing Plaintiff's motion to remand. (*Id.* at 15.) Plaintiff responds that the Chemeon Defendants' motion for sanctions should be denied because his motion to remand was rendered moot by Plaintiff's stipulation to transfer to this Court, he was unable to withdraw the motion to remand because it was filed in a Central District of California case that is now closed, and, in any event, his motion to remand was meritorious. (ECF No. 72.)

The Court will deny the motion to remand because Plaintiff has subsequently consented to this Court's jurisdiction, appears to have withdrawn the motion to remand,[6]

---

[5]The Chemeon Defendants opposed the motion. (ECF No. 21.)

[6]Plaintiff writes in response to the Chemeon Defendants' sanctions motion: Plaintiffs are comfortable and have great deference for this Honorable Court, and after Defendants improperly and prematurely removed this action from California state court, Plaintiffs opted to agree to transfer venue to allow this case to proceed on its substantive merits, rather than continue fighting a

5

and the motion is rendered moot by the transfer. (*Id.* at 7-8.) *Cf. Quality Mech. Contractors, LLC v. Am. Home Assur. Co.,* Case No. 2:11-cv-00232-RLH-RJJ, 2011 WL 3678803, at *1 (D. Nev. Aug. 22, 2011) ("[S]oon after removal, [a defendant] filed two motions with this Court . . . which the Court accepts as evidence of [that defendant's] consent to removal."). Plaintiff concedes as much, offering that he was unable to withdraw the motion after this case was transferred because the motion was filed in the Central District. (ECF No. 72 at 4, 8.)

As to the sanctions motion, the Court declines to exercise its power under either Fed. R. Civ. P. 11(c), 28 U.S.C. § 1927, or its inherent powers to sanction Plaintiff. *See* Fed. R. Civ. P. 11(c)(1), (2) (providing the Court *may* impose sanctions); *see also Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (indicating the Court's imposition of sanctions under 28 U.S.C. § 1927 and its inherent powers is not mandatory). The Court will therefore deny the Chemeon Defendants' motion for sanctions, particularly given Plaintiff's explanation as to why he did not withdraw the motion to remand.

### B. Plaintiff's Motion to Strike Chemeon's Counterclaim for Breach of Contract

Plaintiff also filed a special motion to strike (ECF No. 27) Chemeon's counterclaim for breach of contract (ECF No. 20 at 12-15) before this case was transferred from the Central District of California, which does not appear to have been withdrawn in light of the transfer.[7] The Court will deny Plaintiff's motion to strike without prejudice to refiling a similar motion based on Nevada law because it was filed when this case was still in California, and is based on California law. (ECF No. 27 at 6 ("The anti-SLAPP Statute

---

jurisdictional battle in California. . . . For no other reason, Plaintiffs stipulated to the transfer…

(ECF No. 72 at 7-8.) These representations further support a finding that Plaintiff has essentially withdrawn the motion to remand.

[7]The Chemeon Defendants opposed the motion. (ECF No. 31.)

6

1  allows defendants in California state or federal courts to bring a special motion to strike a
2  claim if the claim arises from an act by the defendants to further their right of petition or
3  free speech in connection with a public issue.").) That said, the Court is skeptical such a
4  motion would be meritorious because LLC operating agreements may include limitations
5  of liability under Nevada law, and must be interpreted to give maximum effect to the
6  principle of enforceability. *See* NRS § 86.286(4)(b), (7).

That leaves Chemeon's counterclaim for breach of contract (ECF No. 20 at 12-15) pending. However, because the Court is persuaded by Defendants' statute of limitations argument, as further explained below, the counterclaim will be the only claim left in the case. Chemeon may therefore no longer be interested in pursuing its counterclaim. To that end, the Court will order Chemeon to submit a status report to the Court within 14 days of the date of entry of this order as to whether it intends to pursue its counterclaim.

### C. Defendants' Motion

The Court primarily addresses Defendants' statute of limitations argument because the Court finds that argument dispositive of Plaintiff's claims. But the Court first addresses the Chemeon Defendants' request for judicial notice relevant to their statute of limitations argument.

#### 1. Defendants' Request for Judicial Notice

The Chemeon Defendants request that the Court take judicial notice of documents filed in proceedings related to this case in both Nevada state court, and this Court. (ECF No. 48 at 7 n.1.) On a motion for judgment on the pleadings, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (quoting Fed. R. Evid. 201). For example, a court "may take judicial notice of undisputed matters of public record[,] including documents on file in federal or state courts." *Id.* at 1132 (citations omitted). "Moreover, documents not

attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents." *Id.*

As pertinent to the Chemeon Defendants' argument regarding the statutes of limitations, the Chemeon Defendants ask the Court to take judicial notice of an *in pro per* filing Plaintiff submitted in the underlying state court receivership proceeding on October 28, 2013 (ECF No. 48-19 (the "Receivership Opposition")) to show he was aware, or should have been aware, of the Fraudulent Scheme that forms the basis for his FAC at that time. (ECF No. 48 at 7 n.1, 14-16.) The Court will take judicial notice of the Receivership Opposition for the purpose of determining Plaintiff was aware, or should have been aware, of the alleged Fraudulent Scheme on October 28, 2013. To start, the Court may take judicial notice of "documents on file in federal or state courts[.]" *Harris*, 682 F.3d at 1132. There is also no dispute the Receivership Opposition was filed in state court. Further, Plaintiff does not even argue the Court should not take judicial notice of the Receivership Opposition. (ECF No. 74 at 12-13.) Thus, Plaintiff does not question its accuracy. And as Plaintiff himself filed the Receivership Opposition, Plaintiff cannot reasonably question its accuracy.

In addition, the Court will take judicial notice of the complaint in *Alexander*, Case No. 3:16-cv-00572-MMD-CBC, at ECF No. 1 (Filed Oct. 3, 2016). *See Harris*, 682 F.3d at 1132 (taking judicial notice of a document filed by a party in a related federal case where that party did not oppose the request for judicial notice). It was filed in this Court, in a case involving mostly the same parties as this case. Plaintiff cannot reasonably question the accuracy of the complaint's contents, or its authenticity, because he is also one of the named plaintiffs in that case. The Court takes judicial notice of the complaint in *Alexander* as additional evidence Plaintiff was aware of the facts supporting his alleged Fraudulent Scheme before he argues he was.

In sum, the Court will take judicial notice of the Receivership Opposition and the complaint in *Alexander*, and considers them in ruling on the Chemeon Defendants' Motion without converting the Motion into a motion for summary judgment.

## 2. Statutes of Limitations

The parties agree the longest period for filing any of Plaintiff's claims under either California or Nevada's applicable statutes of limitations is four years. (ECF Nos. 48 at 14-16, 74 at 12-13.) The only dispute between the parties is when the limitations period began running. The Chemeon Defendants argue it began running on October 28, 2013, when Plaintiff filed the Receivership Opposition, or more than four years before he filed suit. (ECF No. 48 at 14-15.) Plaintiff, apparently relying on the discovery rule, counters that the limitations period did not begin running until late 2016 during the deposition of Defendant James Proctor, or less than four years before he filed suit. (ECF No. 74 at 13.) The Court agrees with the Chemeon Defendants on this key point.[8]

"In both Nevada and California, the statute of limitations begins to run as soon as the cause of action accrues." *Jacob v. Rusk*, Case No. 2:16-cv-02639-JAD-VCF, 2017 WL 4274162, at *2 (D. Nev. Sept. 26, 2017) (citing *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998) as to Nevada law). "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Bemis*, 967 P.2d at 440 (Nev.1998) (citation omitted). "An exception to the general rule [is the] 'discovery rule.'" *Id.* "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.* Thus, the limitations period accrues when the plaintiff discovered, or should have learned of facts constituting all the elements of the claim. *See Siragusa v. Brown,* 971 P.2d 801, 806-07 (Nev. 1998). This is typically a question of fact, but the question may be resolved as a matter of law if the undisputed evidence establishes that the plaintiff discovered or should have discovered the facts giving rise to the claim. *See NNN Siena Office Park I 2, LLC v. Wachovia Bank*

---

[8] The Chemeon Defendants also argue the Court could grant their Motion as consented and strike Plaintiff's opposition because it was filed a day late, and Plaintiff does not dispute that most of his causes of action are barred by the statutes of limitations. (ECF No. 96 at 2-3.) But the Court declines to address these procedural arguments because it agrees with the Chemeon Defendants on the merits of their argument.

9

*Nat. Ass'n*, Case No. 2:12-cv-01524-MMD, 2014 WL 4417858, at *6 (D. Nev. Sept. 8, 2014), *aff'd sub nom. NNN Siena Office Park I 2, LLC v. Wachovia Bank Nat'l Ass'n*, 673 F. App'x 725, 727 (9th Cir. 2016).

Even applying the longest possible limitations period of four years, Plaintiff filed his case several years too late. The Fraudulent Scheme provides the factual basis for Plaintiff's operative FAC (ECF No. 10 at 9), but the Receivership Opposition shows Plaintiff was aware, or should have been aware of, the alleged Fraudulent Scheme on October 28, 2013—more than four years before he filed this case. (ECF No. 48-19.) In the Receivership Opposition, Plaintiff argues the receivership proceeding "would seem to be extremely rushed by any standard[.]" (ECF No. 48-19 at 3.) He also argues that the appointed receiver did not possess sufficient technical expertise, and took insufficient time, to assess the value of Metalast, and conduct a sale of Metalast. (*Id.*) Plaintiff further argues the appointed receiver did not conduct a search to find other bidders for Metalast, "almost as if to ensure that there would be no other qualified bidders other than a single secured creditor, Dean Meiling, who has $4.5 million of actual capital invested." (*Id.*) Plaintiff then argues that "[a]llowing this farce to go forward would NOT be at all in the interests of justice, as there are more than 900 Members—many of whom are retired and living on fixed incomes-- [sic] who have invested over $90 million, and who will be completely wiped out if this sale is allowed to proceed and is approved by the court." (*Id.*) Plaintiff concludes the Receivership Opposition by asking the state court to allow himself and other members more time to retain legal counsel before the sale of Metalast occurs. (*Id.* at 4.)

These factual assertions Plaintiff made in the Receivership Opposition are very similar to the allegations in the FAC. (ECF No. 10.) By calling the receivership proceeding a "farce," calling the receiver unqualified, the proceedings rushed, and stating the receivership proceeding appears designed to ensure Dean Meiling would be able to buy Metalast, Plaintiff is outlining the same alleged fraudulent conspiracy that forms the basis of the Fraudulent Scheme alleged here. Further, in mentioning that there are over 900

members, many of whom are retired, living on fixed incomes, and who would be financially wiped out by the sale, Plaintiff clearly foreshadows this desired class action including a claim for financial elder abuse. In sum, the Receivership Opposition shows Plaintiff was aware, or should have been aware, of the factual basis for this case on October 28, 2013.[9]

Further, the Court rejects Plaintiff's argument that he did not become aware, and could not have been aware, of the facts underlying the alleged Fraudulent Scheme until "late 2016" because he filed a very similar class action alleging a very similar allegedly fraudulent scheme in this Court on October 3, 2016. (ECF No. 74 at 12-13.) *See also Alexander*, Case No. 3:16-cv-00572-MMD-CBC, at ECF No. 1 (Filed Oct. 3, 2016). October 2016 is not quite "late 2016." Plaintiff thus filed the complaint in *Alexander* before he argues he discovered the allegedly fraudulent scheme. Having taken judicial notice of the complaint in *Alexander*, the Court finds that complaint's filing bolsters the Court's conclusion that Plaintiff was aware, or should have been aware of, the facts supporting his alleged Fraudulent Scheme before he argues he was.

Plaintiff did not file this case until March 18, 2019, even though Plaintiff was aware, or should have been aware, of the factual basis for this case on October 28, 2013, and agrees the longest possible limitations period that could apply here is four years. (ECF Nos. 1 at 12, 48-19, 74 at 12-13.) The Court will thus grant the Chemeon Defendants' Motion because all of Plaintiff's claims are barred by the applicable statutes of limitations. *See, e.g.*, *Jacob*, 2017 WL 4274162, at *2 (granting the defendant's motion for judgment on the pleadings because the plaintiff's claims were time-barred under any applicable statute of limitations); *Raymond G. Schreiber Revocable Tr. v. Estate of Knievel*, 984 F. Supp. 2d 1099, 1111-12 (D. Nev. 2013), *aff'd sub nom. Raymond G. Schreiber v. Estate of Knievel*, 637 F. App'x 479 (9th Cir. 2016) (finding after bench trial that the plaintiffs' claims were barred by the applicable statutes of limitations because one plaintiff's

---

[9]Moreover, the fact that Plaintiff does not address the Receivership Opposition at all in his response to the Motion, even though it is the centerpiece of the Chemeon Defendants' statutes of limitations argument, suggests he knows it is fatal to his case. (ECF No. 74 at 12-13.)

1  testimony established that he had seen some of the film clips at issue on television long
2  before the complaint was filed in the case).

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Chemeon Defendants' motion for judgment on the pleadings (ECF No. 48) is granted as to all claims Plaintiff asserts in his operative complaint (ECF No. 10) because they are barred by the applicable statutes of limitations.

It is further ordered that Plaintiff's motion to remand (ECF No. 11) is denied as moot.

It is further ordered that Plaintiff's motion to strike (ECF No. 27) is denied.

It is further ordered that Defendant Armstrong Teasdale LLP, Janet Chubb, and Tiffany Schwartz's motion to dismiss (ECF No. 49) is denied as moot.

It is further ordered that the Chemeon Defendants' motion for sanctions (ECF No. 50) is denied.

It is further ordered that the Chemeon Defendants' motion to strike (ECF No. 51) is denied as moot.

It is further ordered that Defendants Armstrong Teasdale LLP, Janet Chubb, and Tiffany Schwartz's motion to stay the case (ECF No. 53) is denied as moot.

It is further ordered that Plaintiff's motion to expedite or specially set this case for trial (ECF No. 56) is denied as moot.

It is further ordered that Defendant Kaempfer Crowell, LTD's motion to dismiss (ECF No. 57) is denied as moot.

It is further ordered that the Chemeon Defendants' motion for leave to file a supplement to their motions to strike and for judgment on the pleadings (ECF No. 64) is denied as moot.

It is further ordered that Chemeon Surface Technology, LLC must file a status report with the Court stating whether it intends to pursue its counterclaim (ECF No. 20 at 14-15) within 14 days of the date of entry of this order.

DATED THIS 31st day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE