1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                      * * *

6   MARC HARRIS, an individual, on          Case No. 3:19-cv-00339-MMD-CLB
    behalf of himself and all others
7   similarly situated,                                ORDER

8                          Plaintiff,

9        v.

10  DEAN MEILING, *et al.*,

11                         Defendants.

12

13  **I.    SUMMARY**

14        Before the Court are two motions for attorneys' fees by Defendant Kaempfer

15  Crowell, LTD ("Kaempfer") (ECF No. 134) ("Kaempfer Motion") and Defendants Chemeon

16  Surface Technology LLC, DSM P GP LLC, DSM Partners, LP, Dean Meiling, Madylon

17  Meiling, and Suite B LLC (collectively the "the Meilings") (ECF No. 136) ("Meiling

18  Motion")[1]; and the Meilings' Motion to Re-Tax Costs ("Re-Tax Motion") (ECF No. 161). For

19  the reasons explained below, the Court will deny the Kaempfer Motion and Meiling Motion

20  but will grant the Re-Tax Motion.

21  **II.   BACKGROUND**

22        This is the second attempted class action filed by Plaintiff Marc Harris on behalf of

23  a group of investors who lost money investing in Metalast International, LLC ("Metalast").

24  *See Jerry Alexander, et al. v. Dean Meiling, et al.*, Case No. 3:16-cv-00572-MMD-CBC (D.

25  Nev. filed October 3, 2016) ("*Alexander*"). Plaintiff alleged that Defendants conspired and

26  took Metalast through a state receivership proceeding, taking control of Metalast at a

27  _____

28        [1]The Court has reviewed the parties' underlying briefs. (ECF Nos. 137, 142, 143,
    147, 151.) Moreover, Kaempfer joined in the Meiling Motion. (ECF No. 134 at 3.)

discount. (ECF No. 10 at 8-9.) Plaintiff referred to this as the "Fraudulent Scheme" (*Id.* at 9).

Based on the Fraudulent Scheme, Plaintiff brought state law claims for: (1) financial elder abuse in violation of California Welfare and Institutions Code § 15610.30; (2) breach of fiduciary duty; (3) constructive fraud: (4) intentional misrepresentation; (5) professional negligence; (6) constructive trust; (7) violation of California Business and Professions Code § 17200; (8) misappropriation; and (9) conversion. (*Id.* at 13-26.)

The Court later dismissed all claims as barred by the four-year statute of limitations. (ECF No. 124 at 1-2.) *See also Harris v. Meiling*, Case No. 3:19-cv-339-MMD-CBC, 2019 WL 5684175, at *1 (D. Nev. Oct. 31, 2019). The Fraudulent Scheme allegedly occurred between April and December 2013. (ECF No. 124 at 3.) The statute of limitations began running on October 28, 2013, when Plaintiff submitted a *pro se* filing in the state court receivership proceeding (ECF No. 48-19 (the "2013 Opposition")), which contained factual assertions similar to the allegations in the First Amended Complaint ("FAC") (ECF No. 10).[2] (ECF No. 124 at 11.) As such, Plaintiff was aware, or should have been aware, of the factual basis for this case on October 28, 2013, but he filed this action over four years later on March 18, 2019 (*id.*).

---

[2]In the 2013 Opposition, Plaintiff argued the receivership proceeding "would seem to be extremely rushed by any standard[.]" (ECF No. 48-19 at 3.) He also argued that the appointed receiver did not possess sufficient technical expertise, and took insufficient time, to assess the value of Metalast, and conduct a sale of Metalast. (*Id.*) Plaintiff further argued the appointed receiver did not conduct a search to find other bidders for Metalast, "almost as if to ensure that there would be no other qualified bidders other than a single secured creditor, Dean Meiling, who has $4.5 million of actual capital invested." (*Id.*) Plaintiff then argued that "[a]llowing this farce to go forward would NOT be at all in the interests of justice, as there are more than 900 Members—many of whom are retired and living on fixed incomes--[sic] who have invested over $90 million, and who will be completely wiped out if this sale is allowed to proceed and is approved by the court." (*Id.*) Plaintiff concluded the 2013 Opposition by asking the state court to allow him and other members more time to retain legal counsel before the sale of Metalast occurs. (*Id.* at 4.)

1

## III.   LEGAL STANDARD

2      "'In an action involving state law claims, [federal courts] apply the law of the forum

3  state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a

4  valid federal statute or procedural rule.'" *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064,

5  1067 (N.D. Cal. 2012) (quoting *MRO Commc'ns v. Am. Te. & Tel. Co.*, 197 F.3d 1276,

6  1282 (9th Cir. 1999) (alternation in original)).

7      Under Nevada law, "[t]he compensation of an attorney and counselor for his or her

8  services is governed by agreement, express or implied, which is not restrained by law."

9  NRS § 18.010(1). A party prevails under NRS § 18.010 "'if it succeeds on any significant

10  issue in litigation which achieves some of the benefit it sought in bringing suit,'" *Valley*

11  *Electric Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (quoting *Women's Fed. Sav.*

12  *& Loan Ass'n of Cleveland v. Nevada Nat. Bank*, 623 F. Supp. 469, 470 (D. Nev. 1985)).

13      Alternatively, "the court may make allowance for attorney's fees to a prevailing

14  party" when it finds that the opposing party's claim was "brought or maintained without

15  reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b). Such a finding,

16  however, must be supported by evidence in the record. *Chowdry v. NVLH, Inc.*, 851 P.2d

17  459, 464 (Nev. 1993). The claim will only be found frivolous if it is not well grounded in fact

18  or is not warranted by existing law or by a good faith argument for the extension,

19  modification, or reversal of existing law. *Simonian v. Univ. & Cmty. Coll. Sys. of Nevada*,

20  128 P.3d 1057, 1063 (Nev. 2006). The fact that the claim did not prevail, or even the fact

21  that a claim was determined to be without merit "alone is insufficient for a determination

22  that the motion was frivolous, warranting sanctions." *Rivero v. Rivero*, 216 P.3d 213, 234

23  (Nev. 2009). Rather, the reasonableness of the plaintiff's claims "depends on the actual

24  circumstances of the case." *Bergmann v. Boyce*, 856 P.2d 560 (Nev. 1993), *superseded*

25  *by statute on other grounds as stated in In re DISH Network Derivative Litig.*, 401 P.3d

26  1081, 1093 n.6 (Nev. 2017).

27

28

3

## IV.    THE KAEMPFER MOTION

Kaempfer argues that it is entitled to attorneys' fees under NRS § 18.010(2)(b) because Plaintiff had no reasonable grounds for bringing this action—(1) Plaintiff's claims were barred by the statute of limitations; and (2) Kaempfer argues that it was only counsel of record after the asset sale in the state receivership had concluded.[3] (ECF No. 134 at 4-5.) The Court disagrees.

According to Plaintiff, the 2013 Opposition was not evidence that Plaintiff—who was *pro se* at the time—suspected or should have suspected any fraud. (ECF No. 143 at 8.) Instead, Plaintiff argues that the opposition "was a request to the State Court that the sale be slowed down to give Plaintiff and others a chance to participate in the sale." (*Id.*) Furthermore, Plaintiff named Kaempfer in the action because Kaemper "was an agent and representative of entities that owed fiduciary duties to Plaintiff and participated in concealing the following material facts from the Plaintiff and Class." (*Id.* at 4.) Although Plaintiff's arguments were not successful—and maybe even weak—they were at least reasonably disputed. *See McDonald v. Palacios*, Case No. 2:09-cv-1470-MMD-PAL, 2016 WL 5346067, at *23 (D. Nev. Sept. 23, 2016) (declining to award attorney's fees under NRS § 18.010(2)(b) where "statute of limitations issue was reasonably disputed"); *Arndell v. Robison, Belaustegui, Sharp & Low*, Case No. 3:11-cv-469-RCJ-VPC, 2013 WL 1121802, at *2 (D. Nev. Mar. 14, 2013) (holding that plaintiffs did not maintain the lawsuit without reasonable grounds because Plaintiffs attempted, albeit unsuccessfully, to provide facts to support tolling of the statute of limitations based on concealment). Accordingly, the Court denies the Kaempfer Motion.

## V.    THE MEILING MOTION

The Meilings contend that they are entitled to attorneys' fees against: Plaintiff under NRS § 18.010(2)(b) and Metalast's Operating Agreement; and Plaintiff's counsel, Marc

---

[3]Plaintiff does not dispute that Kaempfer and the Meilings are prevailing parties.

4

1   Lazo, under 28 U.S.C. § 1927. For the reasons explained below, the Court will deny the

2   Meiling Motion.

3       Like Kaempfer, the Meilings argue that, under NRS § 18.010(2)(b), Plaintiff had no

4   reasonable grounds for bringing this action, which was barred by the statute of limitations,

5   or for specifically bringing the elder abuse claim, given that Plaintiff is not an elder. (No.

6   136 at 9, 11.) But the Court rejects the first argument for the same reasons discussed

7   above. Moreover, even if Plaintiff is not an elder, the Meilings have not shown that none

8   of the other class members are elders who can bring elder abuse claims. Alternatively, the

9   Meilings argue that Plaintiff filed this case—which is duplicative of *Alexander*—to

10  circumvent the stay in *Alexander* and harass the Meilings by forcing them to defend a

11  second class action. (ECF No. 136 at 10-11.) Plaintiff responds that, unlike *Alexander*,

12  putative class members in this action were only the elderly investors of Metalast who

13  brought their claims under the statutory scheme allowing recovery by elders who have

14  been financially abused. (ECF No. 142 at 6.) The Meilings counter that Plaintiff fails to

15  explain why he did not assert those claims in *Alexander*. (ECF No. 147 at 6.) Nevertheless,

16  Plaintiff's failure to bring those claims in *Alexander* is, at worst, inefficient. The Court

17  cannot infer an intent to harass based on these limited facts.

18      Finally, the Meilings argue that they are entitled to attorneys' fees under section

19  12.2 of the Metalast Operating Agreement (ECF No. 136 at 11). That section provides

20  that, "[i]n the event any party hereto should commence legal proceedings to enforce any

21  of the terms of this Operation Agreement, the prevailing party in the legal proceeding shall

22  be entitled to a reasonable sum as attorneys' fees." (ECF No. 20-1 at § 12.2.) To establish

23  their standing to enforce section 12.2, the Meilings rely on the FAC, which alleges that the

24  Meilings are subject to the terms and conditions of the Operating Agreement. (ECF No.

25  136 at 11.) But even if this were true, it does not establish that they are parties to the

26  agreement or are entitled to enforce it. Moreover, unlike with a motion to dismiss, the Court

27  need not accept the allegations as true when evaluating a motion for attorneys' fees.

28

1    The Meilings also seek to hold Lazo jointly and severally liable for attorneys' fees,

2 arguing that Lazo filed this action to harass the Meilings despite knowing that the

3 duplicative *Alexander* was pending. (ECF No. 136 at 12-13 (citing to 28 U.S.C. § 1927).)

4 But the Court cannot find that was an intent to harass, based on the same reasons

5 mentioned above. The Meilings also argue that Lazo acted unreasonably and vexatiously

6 when he, without any legal basis, filed a motion to remand, opposed transfer of this action

7 to this Court, and then suddenly stipulated to the transfer of this action. (*Id.*) But the

8 Meilings' contention is conclusory—they have not shown that the motion and opposition

9 lacked legal basis. And the Court is hesitant to infer any ill intent based off the parties'

10 stipulation, which could have been entered into for a variety sound reasons.

11    In sum, the Court will deny the Meiling Motion.

12 **VI.    THE MEILINGS' MOTION TO RE-TAX COSTS**

13    Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") states that, "[u]nless

14 a federal statute, these rules, or a court order provides otherwise, costs—other than

15 attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule

16 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests

17 in the district court discretion to refuse to award costs." *Assoc. Of Mex. Am. Educators v.*

18 *State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). In deciding whether to award costs, a

19 district court looks to whether the losing party sufficiently demonstrates "why costs should

20 not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

21    Here, the Meilings filed a Bill of Costs seeking a cost award from Plaintiff.[4] (ECF

22 No. 133.) Plaintiff objected based on Local Rules 54-1(b) and 54-6(b)(1)[5] (ECF No. 139

23

24    [4]Plaintiff does not dispute that the Meilings are the prevailing parties for purposes
of Rule 54(d)(1).

25

26    [5]Under Local Rule 54-1(b), "[a] bill of costs and disbursements must be supported
by an *affidavit* and distinctly set forth each item so that its nature can be readily

27 understood. An itemization and, where available, documentation of requested costs in all
categories must be attached to the bill of costs. *See* 28 U.S.C. § 1924." LR 54-1(b)

28 (emphasis added). Under Local Rule 54-6(b)(1), "[t]he following costs are not taxable: (1)
The cost of reproducing copies of motions, pleadings, notices, and other routine case
*(fn. cont…)*

1    at 2-3 ("Objection")), and the Meilings responded (ECF No. 145).[6] On February 28, 2020,

2    the Clerk of Court issued a notice (the "Clerk's Notice"), sustaining Plaintiff's Objection

3    that the Bill of Costs was not supported by the requisite affidavit, but giving the Meilings

4    time to provide one. Instead, the Meilings responded by submitting a declaration (the

5    "Declaration"). (ECF No. 158.) The Clerk rejected the declaration and Bill of Costs,

6    explaining that 28 U.S.C. § 1924[7] and Local Rule 54-1(b)[8] specifically require an affidavit.

7    (ECF No. 160.)

8        The Meilings now argue in their Re-Tax Motion that the Declaration was submitted

9    under penalty of perjury and may therefore substitute for an affidavit under 28 U.S.C. §

10   1746. (ECF No. 161 at 2-3.) Section 1746 provides that:

11       Wherever, under any law of the United States or under any rule, regulation, order,
         or requirement made pursuant to law, any matter is required or permitted to be
12       supported, evidenced, established, or proved by the sworn declaration . . . or
         affidavit, in writing of the person making the same (other than a deposition, or an
13       oath of office, or an oath required to be taken before a specified official other than
         a notary public), *such matter may*, with like force and effect, be supported,
14       evidenced, established, or proved by the unsworn declaration . . . , in writing of such
         person which is subscribed by him, as true under penalty of perjury, and dated, in
15       substantially the following form . . .
16

17   28 U.S.C. § 1746 (emphasis added).

18       The Court agrees with the Meilings, especially in light of Rule 54(d)(1)'s

19   presumption in favor of awarding costs to a prevailing party. *Assoc. Of Mex. Am.*

20   *Educators*, 231 F.3d at 591. *See Bank of Am., N.A. v. Ladera Homeowners Ass'n* ("*Bank*

21   _____

22   papers." LR 54-6(b)(1). For reasons explained later, the Court finds that Local Rule 54-
     6(b)(1) does not apply here.
23

24       [6]The Meilings also filed an Errata to the Bill of Costs (ECF No. 146), notifying the
     Court that certain invoices were unintentionally omitted from the Bill of Costs.

25       [7]"Before any bill of costs is taxed, the party claiming any item of cost or
26   disbursement shall attach thereto an affidavit, made by himself or by his duly authorized
     attorney or agent having knowledge of the facts, that such item is correct and has been
27   necessarily incurred in the case and that the services for which fees have been charged
     were actually and necessarily performed." 28 U.S.C. § 1924.

28       [8]"[B]ill of costs and disbursements must be supported by an affidavit." LR 54-1.

1   *of America"*), Case No. 2:16-cv-394-APG-GWF, 2020 WL 2525814, at *1 (D. Nev. May

2   18, 2020) (holding that, under § 1746, a sworn declaration can substitute for an affidavit

3   required under § 1924 and LR 54-1(b)); *Carrington Mortgage Services, LLC v. SFR*

4   *Investments Pool 1, LLC et al.* ("*Carrington*"), Case No. 2:17-cv-01530-JAD-PAL, ECF No.

5   67 at 2 (same).[9]

6       In opposition to the Re-Tax Motion, Plaintiff challenges its timeliness because it

7   was not filed within seven days of the Clerk's Notice. (ECF No. 162 at 4-5.) The Court

8   disagrees. "A motion to re-tax costs must be filed and served within seven days after

9   receipt of the *notice under LR 54-1(f)*." LR 54-12(a) (emphasis added). Notice is given

10  under LR 54-1(f) when the Clerk "serv[es] a copy of the bill of costs approved by the clerk

11  on all parties in compliance with Fed. R. Civ. P. 5." LR 54-1(f). The Clerk's Notice did not

12  include a copy of the Meilings' Bill of Costs, and it gave the Meilings an extension of time

13  to supplement the Bill of Costs with an affidavit. As the Meilings pointed out, the LR 54-

14  1(f) notice was issued on March 30, 2020 when the Clerk approved and issued a Bill of

15  Costs of $0 (ECF No. 159). (ECF No. 163 at 4-5.) The Meilings timely filed this motion on

16  April 2, 2020. (ECF No. 161.)

17      Having reviewed the record, the Court will grant the Re-Tax Motion because the

18  Meilings have provided sufficient cost details required under § 1924.[10] Under LR 54-10,[11]

19  the Meilings are entitled to the following filing and copy fees incurred in California Superior

20

21  _____

22      [9]The parties dispute whether Section 1746 gives the Clerk or Plaintiff discretion to
    accept or submit a sworn declaration in place of an affidavit. (*See* ECF No. 162 at 4; ECF
23  No. 163 at 3.) The holdings in *Bank of America* and *Carrington* suggest that discretion
    resides with Plaintiff.

24      [10]Plaintiff argues that the Declaration does not comply with § 1746 because the
    Meilings' counsel has testified that his statements are only true only if he is called to testify.
25  (ECF No. 163 at 3 (citing to ECF No. 158 at 2).) But a few pages later in the Declaration,
    the Meilings' counsel testifies, "[p]ursuant to 28 U.S.C. § 1746, I declare under penalty of
26  perjury that the foregoing is true and correct." (ECF No. 158 at 5.) The Meilings' counsel
    signed and dated the Declaration, thereby complying with § 1746. (*Id.*)

27
        [11]"In a removed case, costs incurred in the state court before removal are taxable
28  in favor of the prevailing party." LR 54-10.

1   Court: $8,612.25 in first-appearance and complex case fees; $294.08 for filing a notice of

2   removal; and $38.69 for documents obtained from California Superior Court. (ECF No.

3   133 at 3-4; ECF No. 145 at 2-3.) The Court will also retax costs related to the following

4   mandatory chamber copies: $210.86 for the Notice of Removal and Motion to Transfer

5   Venue; $54.75 for the Opposition to Motion to Remand; $30.55 for an Answer and

6   Counterclaim; and $69.05 for an Opposition to Plaintiff's Special Motion to Strike

7   Counterclaim.[12] (ECF No. 145 at 4-5; ECF No. 146 at 5-6; ECF No. 158 at 4-5.) *See* 28

8   U.S.C. § 1920; Fed. R. Civ. P. 54(d); C.D. Cal. LR 5-4.5, 54-3.10(a). Finally, the Court will

9   retax costs incurred in the Federal District Court for the Central District of California,

10  namely the $400 filing fee[13] and $42.75 for service of the Notice of Removal. (ECF No.

11  133 at 1; ECF No. 158 at 2-3; *see also* ECF No. 145 at 3 (arguing that LR 54-6(b)(1)—

12  which bars recovery of costs of reproducing documents—does not apply to fees related to

13  service of documents).)[14]

14  **VII.   CONCLUSION**

15          The Court notes that the parties made several arguments and cited to several cases

16  not discussed above. The Court has reviewed these arguments and cases and determines

17  that they do not warrant discussion as they do not affect the outcome of the motions before

18  the Court.

19

20

---

21          [12]Plaintiff contends that the Meilings fail to explain whether delivery of chamber
22  copies is mandatory. (ECF No. 162 at 6-7.) But the Meilings have in fact shown that such
    copies are mandatory and taxable. (ECF No. 145 at 4-5; ECF No. 158 at 4.)

23          [13]Plaintiff did not object to the filing fee. (*See* ECF No. 139 at 2-3.)

24          [14]Plaintiff in gist argues that he was prejudiced because he had to object to an
25  incomplete Bill of Costs, which was not accompanied by a valid affidavit with all the details
    required under § 1924. (ECF No. 162 at 6-7.) The Court is not persuaded. The Meilings
26  responded to Plaintiff's Objection with cost details on January 13, 2020 (ECF No. 145)
    that provide substantially the same information as the Declaration. Plaintiff has therefore
27  had these cost details for some time when he responded to the Re-Tax Motion on April
28  16, 2020, where the only new and specific objection he raises is regarding the mandatory
    chamber copies. (ECF no. 162 at 4-5) As noted above, the Court rejects that challenge.

1   It is therefore ordered that Kaempfer's motion for attorneys' fees (ECF No. 134) is

2   denied.

3   It is furthered ordered that the Meilings' motion for attorneys' fees (ECF No. 136) is

4   denied.

5   It is furthered ordered that the Meilings' Motion to Re-Tax Costs (ECF No. 161) is

6   granted. The Clerk of Court is directed to tax costs in the amount of $9,752.98 in favor of

7   Defendants Chemeon Surface Technology LLC, DSM P GP LLC, DSM Partners, LP, Dean

8   Meiling, Madylon Meiling, Suite B LLC.

10   DATED THIS 18th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

10