1
2
3                              UNITED STATES DISTRICT COURT
4                                   DISTRICT OF NEVADA
5                                           * * *
6    MARC HARRIS, an individual, on              Case No. 3:19-cv-00339-MMD-CLB
     behalf of himself and all others
7    similarly situated,                                          ORDER
8                               Plaintiff,
9        v.
10   DEAN MEILING, *et al.*,
11                              Defendants.
12

13   **I.    SUMMARY**

14          Before the Court is the Meilings'[1] motion for reconsideration (the "Motion") (ECF

15   No. 166) of this Court's order (the "Order") denying their motion for attorneys' fees (the

16   "Fees Motion") (ECF No. 164 (denying ECF No. 136)).[2] For the reasons explained below,

17   the Court will deny the Motion.

18   **II.   LEGAL STANDARD**

19          A motion for reconsideration must set forth the following: (1) some valid reason why

20   the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature"

21   in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180,

22   1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with

23   newly discovered evidence, (2) committed clear error or the initial decision was manifestly

24

25   _____

26   [1]The Meilings include Defendants Chemeon Surface Technology LLC
     ("Chemeon"), DSM P GP LLC ("DSM"), DSM Partners, LP, Dean Meiling, Madylon Meiling,
     and Suite B LLC.

27
     [2]Responses to the Motion are due September 16, 2020. (ECF No. 166.) Although
28   Plaintiff has not yet responded, the Court is familiar with the issues raised and finds a
     response to be unnecessary.

1    unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v.*
2    *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Motions for
3    reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution*
4    *Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and
5    are not "intended to give an unhappy litigant one additional chance to sway the judge."
6    *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977). Motions to reconsider are
7    generally left to the discretion of the district court. *Herbst v. Cook*, 260 F.3d 1039, 1044
8    (9th Cir. 2001). A district court has discretion not to consider claims and issues that were
9    not raised until a motion for reconsideration and without good excuse. *Rosenfeld v. U.S.*
10   *Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *Hopkins v. Andaya*, 958 F.2d 881, 889
11   (9th Cir. 1992).

12   **III.   DISCUSSION**

13        The Fees Motion repeatedly hinges on the mere assertion that the First Amended
14   Complaint ("FAC") alleges that the Meilings are all "subject" to the terms and conditions of
15   the Agreement.[3] (ECF No. 136 at 5-6, 11.) In denying the Fees Motion, the Court found
16   that the Meilings are not entitled to attorneys' fees under section 12.2 of the Operating
17   Agreement ("Agreement") because they have not shown that they are parties to the
18   Agreement or otherwise have standing to enforce it. (ECF No. 164 at 5.)

19        The Meilings now contend for the first time that they are parties to the Agreement
20   because: (1) the FAC alleges that the Meilings are members of Metalast International, LLC
21   ("Metalast"); and (2) Chemeon and DSM admitted in their answer to the FAC that they are
22   Metalast members, which (3) constitutes judicial admissions that are binding on the Court.
23   (ECF No. 166 at 3-6.) But a motion for reconsideration should not be used to make new
24   arguments without good excuse—and the Meilings have presented none here. *See N.W.*

25

26   _____

27   [3]To the extent the Meilings object that Plaintiff did not raise a standing issue (ECF
     No. 164 at 5 n.4), Plaintiff did not have to—the assertion that the Meilings are subject to
28   the Agreement and therefore have standing to enforce it is a non-sequitur. Because of this
     glaring issue, among other things, the Court found that the Meilings failed to meet their
     burden of proving their Fees Motion.

1  *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir.1988). To do

2  so now would improperly give the Meilings a second bite at the apple. The Court declines

3  to entertain the Meilings' new argument. Accordingly, the Court denies the Motion.[4]

4  **IV.     CONCLUSION**

5         The Court notes that the Meilings made several arguments and cited to several

6  cases not discussed above. The Court has reviewed these arguments and cases and

7  determines that they do not warrant discussion as they do not affect the outcome of the

8  motion before the Court.

9         It is therefore ordered that the Meilings' motion for reconsideration (ECF No. 166)

10  is denied.

12     DATED THIS 4th day of September 2020.

14     MIRANDA M. DU
       CHIEF UNITED STATES DISTRICT JUDGE

27     [4]The Meilings argue that the Order relies on an incomplete characterization of the
FAC (ECF No. 164 at 4 n.2), even though the Meilings failed to diligently and thoroughly
28  present all the evidence—and legal authority—in their Fees Motion.

3