UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC HARRIS, *et al.*, <br><br> Plaintiffs, <br> v. <br> DEAN MEILING, *et al.*, <br><br> Defendants. | Case No. 3:19-cv-00339-MMD-CLB <br><br> ORDER |

Plaintiffs, investors in Metalast International, LLC ("Metalast"), initiated this putative class action against Defendants, other investors in Metalast and their alleged co-conspirators, for purportedly engaging in a fraudulent scheme to take Metalast through a receivership proceeding and win control of Metalast from Plaintiffs, at a discount, and without compensating Plaintiffs. (ECF No. 10 at 9-13.) Defendants prevailed both before this Court and on appeal. In pertinent part, the United States Court of Appeals for the Ninth Circuit ordered the Court to award Defendants their reasonable attorneys' fees. (ECF No. 171.) The Court accordingly directed Defendants to file an affidavit supporting the reasonableness of the fees they won, and gave Plaintiffs the opportunity to object. (ECF No. 176.) Defendants filed their affidavit (ECF No. 179), and Plaintiffs filed their objections (ECF No. 180).[1] As further explained below, the Court overrules Plaintiffs' objections and will award Defendants their requested fees.

Defendants support the reasonableness of their fees request with affidavits from their counsel, copies of spreadsheets reflecting the tasks performed by their counsel and the amounts charged for them, and argument directed to the factors described in LR 54-14 and *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969). (ECF Nos. 179,

---

[1]Defendants then filed a response to Plaintiffs' objections. (ECF No. 181.)

179-1, 179-2; *see also* ECF Nos. 136, 137, 137-1, 137-2.) The Court agrees with Defendants' overall contention that their requested fees are reasonable based on their submissions.

Plaintiffs first object that Defendants had partners do work that associates could have done resulting in overbilling. (ECF No. 180 at 3, 5-7.) Plaintiffs presented this argument to the Ninth Circuit in the appellate proceedings stemming from this case, and the Ninth Circuit rejected it. (ECF No. 183 at 2-3.) The Court rejects this argument for the same reason the Ninth Circuit rejected it. (*Id.*)

And that brings the Court to Plaintiffs' broader objection, which is that Defendants overbilled by spending an unreasonable amount of time on the various tasks documented in the spreadsheets they submitted for the Court's review. (ECF No. 180 at 4-6.) But Plaintiffs present no standard or caselaw to judge whether the amount of time Defendants spent was unreasonable, nor do Plaintiffs present any sufficiently specific argument as to why any individual time entries they call out in their objection were unreasonable. The Court will not scrutinize each one of Defendants' time entries where, as here, Plaintiffs have not even specifically argued why particular entries are unreasonable.

In sum, the Court overrules Plaintiffs' objections and will award Defendants their requested fees.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants are entitled to attorneys' fees from Plaintiffs in the amount of $383,850.80.

///

///

///

///

final

179-1, 179-2; *see also* ECF Nos. 136, 137, 137-1, 137-2.) The Court agrees with Defendants' overall contention that their requested fees are reasonable based on their submissions.

Plaintiffs first object that Defendants had partners do work that associates could have done resulting in overbilling. (ECF No. 180 at 3, 5-7.) Plaintiffs presented this argument to the Ninth Circuit in the appellate proceedings stemming from this case, and the Ninth Circuit rejected it. (ECF No. 183 at 2-3.) The Court rejects this argument for the same reason the Ninth Circuit rejected it. (*Id.*)

And that brings the Court to Plaintiffs' broader objection, which is that Defendants overbilled by spending an unreasonable amount of time on the various tasks documented in the spreadsheets they submitted for the Court's review. (ECF No. 180 at 4-6.) But Plaintiffs present no standard or caselaw to judge whether the amount of time Defendants spent was unreasonable, nor do Plaintiffs present any sufficiently specific argument as to why any individual time entries they call out in their objection were unreasonable. The Court will not scrutinize each one of Defendants' time entries where, as here, Plaintiffs have not even specifically argued why particular entries are unreasonable.

In sum, the Court overrules Plaintiffs' objections and will award Defendants their requested fees.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants are entitled to attorneys' fees from Plaintiffs in the amount of $383,850.80.

///

///

///

///

The Clerk of Court is directed to enter judgment in favor of Defendants on their requested fees accordingly and close this case. To be clear, this will be a supplemental judgment that does not affect the previously entered judgment (ECF No. 130) in any way.

DATED THIS 7th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE